UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL A. DIMITROFF,

Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

Case No. 2:25-cv-01185-EJY

**ORDER**

Plaintiff Michael A. Dimitroff ("Plaintiff"), appearing *pro se*, seeks judicial review of the final partially favorable decision of the Commissioner of the Social Security Administration ("Commissioner") finding (1) he was disabled from June 23, 2021 through October 24, 2023 under the Social Security Act (the "Act"), and (2) his disability terminated on October 24, 2023. ECF No. 13, Administrative Record ("AR") 18. The Court reviewed Plaintiff's Brief (ECF No. 13), the Commissioner's Response (ECF No. 15), and Plaintiff's Reply (ECF No. 16). The Court finds as follows.

## I. BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits under Title II of the Act on September 23, 2021. AR 17. The Commissioner denied Plaintiff's application initially on November 29, 2022 and upon reconsideration on November 14, 2023. AR 89, 98. Plaintiff requested a hearing before an Administrative Law Judge (the "ALJ") that was held on August 13, 2024. AR 17. The ALJ issued his decision on September 13, 2024 finding Plaintiff was disabled from June 23, 2021 through October 24, 2023. AR 31. The ALJ further concluded that commencing on October 25, 2023, Plaintiff was no longer disabled under the Act. AR 26. The Appeals Council denied Plaintiff's Request for Review on April 29, 2025. AR 1. Plaintiff seeks judicial review of the Commissioner's decision under 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if it is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla." More than a scintilla of evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103) (2019) further citations omitted)). In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (internal citations omitted).

"When the evidence before the ALJ is subject to more than one rational interpretation, … [the court] must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). However, a reviewing court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted). And, a court may not reverse an ALJ's decision based on a harmless error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## III. SUMMARY OF THE ALJ'S DECISION

At step one of the sequential process, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 23, 2021. AR 21. At step two, the ALJ identified Plaintiff as having the following severe impairments for the period commencing on June 23, 2021 and ending on October 24, 2023: degenerative disc disease of lumbar spine, status post lumbar discectomy, and obesity. *Id*. The AJ determined Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." *Id*. The ALJ then found Plaintiff retained the residual functional capacity ("RFC") to perform "less than full range of sedentary work as defined in 20 CF 404.1567(a)." *Id*. Ultimately, the ALJ concluded that between June 23, 2021 through

October 24, 2023 Plaintiff was unable to perform any past work, there were no jobs that existed in significant numbers in the national economy that Plaintiff could have performed and, therefore, Plaintiff was disabled as determined under the Act. AR 24-25.

Post-October 24, 2023, the ALJ determined Plaintiff did not develop any new impairments. AR 26. Based on analyzing the same severe impairments applicable to the period during which Plaintiff was disabled, the ALJ further concluded Plaintiff had medically improved such that his RFC now allowed him to work. *Id*. Thus, the ALJ stated that as of October 25, 2023 Plaintiff could perform "less than a full range of sedentary work as defined in 20 CFR 404.1567(a)." *Id*. The ALJ's findings further included that Plaintiff could "lift, carry, push and pull 15 pounds occasionally, and 10 pounds frequently; sit six hours in an eight-hour day; stand/walk two hours in an eight-hour day; use a cane for all ambulation and walking on uneven terrain; occasionally push, pull with bilateral lower extremities; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; and no working at unprotected heights." *Id*. With this RFC in place, the ALJ found Plaintiff could perform his past relevant work as a travel reservations clerk as of the day after his disability ended on October 24, 2023—that is, October 25, 2023. AR 29. In sum, the ALJ found Plaintiff's disability ended on October 25, 2023, and he has not been disabled since that date. AR 30.

## IV. DISCUSSION

### a. Issue Before the Court.

*Pro se* Plaintiff is challenging the ALJ's finding that his disability ended on October 25, 2023. ECF No. 13 at 1.

### b. Legal Standard.

"Once a claimant has been found to be disabled, he or she is entitled to the presumption of continuing disability." *Judith Y. v. Saul*, Case No. CV 19-5498-SP, 2020 WL 7024949, at *3 (C.D. Cal. Nov. 30, 2020) (citing *Murray v. Heckler*, 722 F.2d 499, 500 (9th Cir. 1983)). "A Social Security disability benefits claimant is no longer entitled to benefits when substantial evidence demonstrates (1) 'there has been any medical improvement in the [claimant's] impairment' and (2) the claimant 'is now able to engage in substantial gainful activity.'" *Attmore v. Colvin*, 827 F.3d

872, 873 (9th Cir. 2016) (quoting 42 U.S.C. § 423(f)(1)). "Medical improvement is defined as 'any decrease in the medical severity' of a recipient's impairment." *Id*. at 875 (internal citations omitted). It is the Commissioner's burden to demonstrate medical improvement. *Judith Y.*, 2020 WL 7024949, at *3 (citing *Murray*, 722 F.2d at 500).

c. The ALJ's Finding of Medical Improvement is Not Supported by Substantial Evidence.

To determine whether substantial evidence supports the ALJ's finding, the Court must review the administrative record "as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998) (citation omitted). "[T]he Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). Here, an ALJ cannot "pick out a few isolated instances of improvement," but rather "must interpret reports of improvement ... with an understanding of the patient's overall well-being and the nature of her symptoms." *Attmore*, 827 F.3d at 877 (internal citations and quotations omitted).

The ALJ found Plaintiff's medical improvement occurred as of October 25, 2023 based on an evaluation conducted by Dr. Joel M. Renbaum. AR 26 (citing AR 1381-90). The ALJ stated "there was no complaint of SI joint tenderness or muscle spasm; and there was no atrophy of the lower extremities observed." *Id*. However, a review of Dr. Renbaum's entire report paints a different picture. Dr. Renbaum's physical exam noted Plaintiff was "unable to demonstrate heel and toe walking" and experienced "too much pain to attempt range of motion testing." AR 1387. In fact, Dr. Renbaum stated Plaintiff "remains significantly symptomatic" over one year after lumbar spine surgery and opined that Plaintiff be considered "permanent and stationary." AR 1388. The ALJ does not cite or otherwise address these findings when he discusses Plaintiff's medical improvement. While the ALJ also relied on the January 2024 physical exam notes by Dr. Jason Kim,[1] (AR 26), the Court finds the January note, in light of Dr. Renbaum's full report, does not meet

[1] These notes find "mild swelling of the right lower extremity; no pitting edema; positive straight leg left lower extremity; tenderness of paraspinal lumbar; and normal sensation and normal coordination."

the substantial evidence standard required for a finding that a medical improvement occurred as of October 25, 2023. Again, nowhere in the ALJ's decision does he explain how the cited medical evidence supported the conclusion that Plaintiff was medically improved such that there was a decrease in the severity of his impairment as of October 25, 2023—the date of Dr. Renbaum's findings. Indeed, the Court supposes, at best, the ALJ may have found a medical improvement as of January 9, 2024 based on a single exam note, but the ALJ does not do so, nor does he explain how a January note supported Plaintiff's ability to work as of the end of October 2023.

Though the substantial evidence standard is highly deferential to the Commissioner, *e.g. Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009), it still requires "the ALJ's rationale [to be] clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). The Court finds the ALJ's rationale lacks clarity and certainly does not have the power to convince Plaintiff was not disabled as of October 24, 2023. Said plainly, absent from the ALJ's written decision is any explanation for why the cited medical evidence supports his conclusion. Coupled with the presumption of continuing disability and the Commissioner's burden to demonstrate medical improvement, the Court finds the ALJ's decision cannot be upheld. *See Patricia M. v. Saul*, Case No. C 19-05829 WHA, 2020 WL 4601629, at *5 (N.D. Cal. Aug. 11, 2020) ("Conclusory language that leaves the reader to intuit the ALJ's reasoning, especially in light of the government's heightened burden, does not clear this low evidentiary hurdle.").

Accordingly, the Court remands this matter for further consideration of whether Plaintiff experienced a decrease in the medical severity of his impairment as of October 25, 2023. The Court recognizes that the parties made additional arguments regarding the RFC; however, it finds that any further discussion would be premature given the remand instruction.

## V. ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Brief (ECF No. 13) is GRANTED.

IT IS FURTHER ORDERED that judgment is entered in favor of Plaintiff. This matter is therefore remanded to the Commissioner of Social Security for proceedings consistent with this Order under sentence four of 42 U.S.C. § 405(g).

IT IS FURTHER ORDERED that the Clerk of Court is directed to close this case.

Dated this 27th day of August, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE